**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION AT COVINGTON**
**CIVIL ACTION NO. _____**

**MANUEL LOPEZ**                                                    **PLAINTIFF**
9866 Belleford Court
Montgomery, OH 45242

**vs.**

**FRONTIER AIRLINES, INC.**
7001 Tower Road
Denver, CO 80249
       **SERVE**:  Corporation Service Company
                  421 West Main Street
                  Frankfort, KY 40601
                  *Via Certified Mail*

                                                                                    **DEFENDANT**

**COMPLAINT WITH JURY DEMAND**

Plaintiff Manuel Lopez ("Mr. Lopez"), by and through counsel, and for his Complaint against Defendant Frontier Airlines, Inc. ("Frontier") states as follows:

### NATURE OF THIS ACTION

1. This is a lawsuit for civil damages for personal injury. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

### PARTIES, JURISDICTION AND VENUE

2. Mr. Lopez is now and was at all relevant times a citizen of Ohio, residing at 9866 Belleford Court, Montgomery, OH 45242.

Arnzen, Storm & Turner, P.S.C.
600 Greenup Street
Covington, Kentucky 41011
(859) 431-6100

{00235833.DOCX/1}

3. Frontier is now and was at all relevant times incorporated in Delaware, with its principal place of business in Colorado. Frontier is now and was at all relevant times authorized to do business in Kentucky.

4. Because the amount in controversy exceeds $75,000, Mr. Lopez is a citizen of Ohio residing in Ohio, and Frontier is incorporated in Delaware and has its principal place of business in Colorado, this Court possesses diversity jurisdiction under 28 U.S.C. § 1332.

5. Venue and jurisdiction are proper in this district because Mr. Lopez's injuries and damages were sustained as a result of events that took place when he was boarding Frontier's flight from Cincinnati International Airport in Boone County, Kentucky, to Fort Myers, Florida; and Frontier regularly and systematically conducts its business of carriage of passengers by air from premises leased and or owned by Frontier and located at the Cincinnati International Airport.

**FACTUAL BACKGROUND**

6. On or about January 21, 2017, Mr. Lopez planned on traveling from Northern Kentucky to Fort Myers, Florida to visit his son, on Frontier Airlines flight 1161.

7. Mr. Lopez purchased a handicap ticket for the flight.

8. Upon arrival at the Cincinnati International Airport, Mr. Lopez was transported through the airport to the gate on a wheelchair device.

9. Mr. Lopez was to be unaccompanied on the flight, so a gate attendant pushed Mr. Lopez down the jet way to the airplane for boarding.

10. During this process of boarding, through the negligence of Frontier Airline's agents or employees, Mr. Lopez fell and sustained serious injuries.

Arnzen, Storm & Turner, P.S.C.
600 Greenup Street
Covington, Kentucky 41011
(859) 431-6100

{00235833.DOCX/1} 2

11. As a result of the fall, Mr. Lopez was diagnosed with bilateral bone fractures in his nose and a cervical spinal cord compression, necessitating hospitalization, significant medical treatment, rehabilitation, and therapy.

### COUNT ONE: NEGLIGENCE

12. Mr. Lopez incorporates all of the allegations made in the preceding paragraphs as if fully restated herein.

13. Frontier owed Mr. Lopez, a passenger, a duty to exercise the highest degree of care, skill, and diligence for his safety.

14. Frontier breached their duty to Mr. Lopez by negligently causing or allowing him to fall as a result of which he sustained injuries.

15. Frontier is vicariously liable for any negligent acts, omissions, or operations of their respective employees, servants, and agents.

16. As a direct and proximate result of the aforesaid negligence of Frontier, Mr. Lopez has suffered serious and permanent injuries requiring past and future medical treatment; has suffered in the past, and will suffer in the future, great pain and suffering; both mental and physical all in an amount to be determined by the trier of fact.

### COUNT TWO: PREMISES LIABILITY

17. Mr. Lopez incorporates all of the allegations made in the preceding paragraphs as if fully restated herein.

18. At the time and place of the accident, Mr. Lopez was on Frontier's premise for purposes which were beneficial to Frontier.

19. Frontier owed Mr. Lopez a duty to exercise ordinary care for his safety while he was on Frontier's premise.

Arnzen, Storm & Turner, P.S.C.
600 Greenup Street
Covington, Kentucky 41011
(859) 431-6100

20. Frontier was responsible for the operations on its premise, knew that these operations could be hazardous to others if not performed safely, and failed to warn Mr. Lopez of these hazards and dangers associated with its operations.

21. Frontier, through its agents, servants, and employees, was negligent in the operation of its business and condition of its premises, and such negligence created the hazardous condition encountered by Mr. Lopez.

22. As a direct and proximate result of the aforesaid negligence of Frontier, Mr. Lopez has suffered serious and permanent injuries requiring past and future medical treatment; has suffered in the past, and will suffer in the future, great pain and suffering; both mental and physical all in an amount to be determined by the trier of fact.

### COUNT THREE: NEGLIGENT STAFFING, RETENTION, TRAINING AND SUPERVISION

23. Mr. Lopez incorporates all of the allegations made in the preceding paragraphs as if fully restated herein.

24. Frontier had a duty to use reasonable care in selecting its employees, servants, or agents to perform their operations.

25. Frontier had a further duty to properly train and supervise its employees, servants, or agents with respect to the operations those employees, servants, or agents were required to perform for Frontier.

26. Frontier had a further duty to retain only competent, qualified, and safe employees, servants, or agents.

27. As a direct and proximate result of the aforesaid negligence of Frontier , Mr. Lopez has suffered serious and permanent injuries requiring past and future

Arnzen, Storm & Turner, P.S.C.
600 Greenup Street
Covington, Kentucky 41011
(859) 431-6100

medical treatment; has suffered in the past, and will suffer in the future, great pain and suffering; both mental and physical all in an amount to be determined by the trier of fact.

WHEREFORE, Mr. Lopez demands judgment against Defendant for his compensatory damages in an amount to be determined by the trier of fact, his costs expended herein, reasonable attorneys' fees, and such other proper, appropriate, and equitable relief as justified by the facts.  Mr. Lopez further demands a trial by jury on all issues.

Respectfully submitted,

ARNZEN, STORM & TURNER, P.S.C.


By:   */s/ Frank K. Tremper*
     Mark G. Arnzen (KBA 01830)
     Frank K. Tremper (KBA 94095)
     600 Greenup Street
     Covington, Kentucky 41011
     (859) 431-6100
     FAX (859) 431-3778
     marnzen@arnzenlaw.com
     ftremper@arnzenlaw.com
     Attorneys for Plaintiff Manuel Lopez

Arnzen, Storm & Turner, P.S.C.
600 Greenup Street
Covington, Kentucky 41011
(859) 431-6100

Case: 2:17-cv-00198-CJS   Doc #: 1   Filed: 10/26/17   Page: 5 of 5 - Page ID#: 5

{00235833.DOCX/1}                                    5