IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | | |
|---|---|---|
| MANUEL LOPEZ, | | CASE NO.   2:17 CV 00198 |
| | Plaintiff, | JUDGE DAVID L. BUNNING |
| | | MAG. JUDGE CANDACE J. SMITH |
| vs. | | |
| | | **DEFENDANT FRONTIER AIRLINES,** |
| FRONTIER AIRLINES, INC. | | **INC.'S ANSWER TO PLAINTIFF'S** |
| | | **COMPLAINT** |
| | Defendant. | |

Now come Defendant, Frontier Airlines, Inc. (hereinafter "Answering Defendant"), by and through undersigned counsel, and for its Answer to Plaintiff's Complaint, states as follows:

**FIRST DEFENSE**

**NATURE OF THIS ACTION**

1.     This Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Plaintiff's Complaint.

**PARTIES, JURISDICTION AND VENUE**

2.     This Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.     This Answering Defendant admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.     This Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5.     This Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint.

## FACTUAL BACKGROUND

6.      This Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7.      This Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8.      This Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9.      This Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10.     This Answering Defendant denies the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11.     This Answering Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

## ANSWER TO COUNT ONE: NEGLIGENCE

12.     With respect to Paragraphs 1 through 11 of Plaintiff's Complaint, this Answering Defendant reavers each and every response, defense and/or denial previously set forth in its Answer herein, and incorporates the same as if fully rewritten herein.

13.     This Answering Defendant denies the allegations contained in Paragraph 13 of Plaintiff's Complaint.

14.     This Answering Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15.     This Answering Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Complaint.

2

16.     This Answering Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

## ANSWER TO COUNT TWO: PREMISES LIABILITY

17.     With respect to Paragraphs 1 through 16 of Plaintiff's Complaint, this Answering Defendant reavers each and every response, defense and/or denial previously set forth in its Answer herein, and incorporates the same as if fully rewritten herein.

18.     This Answering Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19.     This Answering Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

20.     This Answering Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Complaint.

21.     This Answering Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.     This Answering Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Complaint.

## ANSWER TO COUNT THREE: NEGLIGENT STAFFING, RETENTION, TRAINING AND SUPERVISION

23.     With respect to Paragraphs 1 through 22 of Plaintiff's Complaint, this Answering Defendant reavers each and every response, defense and/or denial previously set forth in its Answer herein, and incorporates the same as if fully rewritten herein.

24.     This Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     This Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of Plaintiff's Complaint.

26.     This Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of Plaintiff's Complaint.

27.     This Answering Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

28.     This Answering Defendant denies all allegations contained in Plaintiff's Complaint that this Answering Defendant does not expressly admit herein.

## SECOND DEFENSE

## AFFIRMATIVE DEFENSES

To the extent the evidence establishes the existence of any one or more of the following defenses or affirmative defenses, then Plaintiff is barred, in whole or in part, from obtaining any relief against this Answering Defendant:

1.     Failure to state a claim upon which relief may be granted.

2.     Failure to join necessary and indispensable parties to this action as required by Rules 17, 19, and 20 of the Ohio Rules of Civil Procedure.

3.     Plaintiff's claims are preempted by the Airline Deregulation Act of 1978 and/or other Federal laws and/or regulations.

4.     Plaintiff's contributory and/or comparative negligence.

5.     Open and obvious doctrine.

6.     Two-inch rule.

7.     The condition was insignificant, trivial or insubstantial.

8.     There was no dangerous condition or defect.

9.     Lack of actual or constructive notice of a dangerous condition or defect.

10.    Plaintiff cannot identify or explain what caused the injury.

11. Primary assumption of the risk.

12. Secondary and/or implied assumption of the risk.

13. Express assumption of the risk.

14. Applicable statute of limitations.

15. Insufficiency of service of process.

16. Lack of personal jurisdiction.

17. Intervening and/or superseding cause.

18. Failure to mitigate damages.

19. Plaintiff is not the real parties in interest to all or a portion of the claimed damages and, therefore, Plaintiff has no legal standing or right to recover.

20. Doctrines of waiver, estoppel and/or laches.

21. Act of God.

22. Natural accumulation of snow or ice.

23. To the extent that Plaintiff's damages were caused by circumstances outside the control or responsibility of this Answering Defendant, Plaintiff's claims are barred in whole or in part.

24. To the extent Plaintiff's anticipated travel was part of international travel, *The Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999* ("Montreal Convention") bars and/or preempts Plaintiff's claims and/or limits the amount Plaintiff may recover in this action.

25. This Answering Defendant's actions at all times were in accordance with Kentucky law, Federal law, and the United States and Kentucky Constitutions.

This Answering Defendant reserves the right to assert additional affirmative defenses as the result of ongoing discovery.

WHEREFORE, Defendant Frontier Airlines, Inc. demands that Plaintiff's Complaint be dismissed with prejudice at Plaintiff's costs and for such further equitable relief deemed appropriated by this Court.

Respectfully submitted,


*/s/ Christopher E. Cotter*

Christopher E. Cotter (KY # 92957)
ccotter@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH  44308
Telephone:  330.376.2700
Facsimile:  330.376.4577

Tyler M. Jolley (KY #95181)
tjolley@ralaw.com
Roetzel & Andress, LPA
250 East Fifth Street, Suite 310
Cincinnati, Ohio 45202
Telephone: 513.361.0200
Facsimile: 513.361.0335

ATTORNEYS FOR DEFENDANT
FRONTIER AIRLINES, INC.

## PROOF OF SERVICE

I hereby certify that a true and accurate copy of the foregoing has been served upon the following parties via the Court's electronic filing system this 22nd day of November 2017:

Mark G. Arnzen
Frank K. Tremper
ARNZEN, STORM & TURNER, P.S.C.
600 Greenup Street
Covington, KY 41011
Phone: (859) 431-6100
Fax: (859) 431-3778
marnzen@arnzenlaw.com
ftremper@arnzenlaw.com

ATTORNEYS FOR
PLAINTIFF MANUEL LOPEZ

/s/ Christopher E. Cotter
One of the Attorneys for Defendant

12004634_1 137762.0001

7