**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT COVINGTON**

**CIVIL ACTION NO. 17-198-CJS**

**MANUEL LOPEZ**                                                               **PLAINTIFF**

**v.**                                      **ORDER**

**FRONTIER AIRLINES, INC.**                                   **DEFENDANT**

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on the Notice of Substitution of Counsel filed by Defendant Frontier Airlines Inc. ("Frontier"), which filing the Court construes as an entry of appearance of Attorney Douglas W. Rennie as counsel for Defendant Frontier. (R. 20). Therein, Mr. Rennie of the law firm of Montgomery Rennie & Jonson seeks a substitution of counsel in place of Christopher E. Cotter of the law firm of Roetzel & Andress, L.P.A. (*See id.*).

Having reviewed the Notice (R. 20), the Court finds that it does not comply with the requirements set forth in Local Civil Rule 83.6. Specifically, the substitution procedure set forth in Local Rule 83.6(c) is not available because Rennie and Cotter are not affiliated with the same law firm. *See* LR 83.6(c) (allowing substitution by notice only in cases where "both attorneys are within the same partnership or other legal professional association"). The filing also does not contain an affirmative representation stating that the substitution is being made with the client's consent, as is required by Local Rule 83.6(c). Therefore, substitution of counsel cannot occur by use of a Local Rule 83.6(c) Notice.

Perhaps recognizing this, Attorney Cotter along with co-counsel of record Tyler M. Jolley have now filed a Motion to be Removed From Case, which the Court construes as a Motion to

Withdraw.  However, this construed Motion to Withdraw fails to comply with the Local Rule because the Motion does not represent that the client consents to the withdrawal of Attorneys Cotter and Jolley from further representation as required by Local Rule 83.6(a) or that a copy of the Motion has been served upon the client as required by Local Rule 83.6(b).  But rather than deny the Motion outright, the Court will give counsel an opportunity to correct the deficiency.

Accordingly, the Court being sufficiently advised, **IT IS ORDERED** as follows:

1. Defendant Frontier's Notice of Substitution of Counsel (R. 20) is hereby construed as an entry of appearance of Attorney Rennie as an attorney of record on behalf of Defendant.

2. The Motion to be Removed From Case (R. 24) filed by Attorneys Cotter and Jolley, construed by the Court as a Motion to Withdraw, is hereby **taken under advisement** pending counsel's filing of a supplement that provides the information required to comply with either Local Rule 83.6(a) or (b) by **not later than June 21, 2018.**

Signed this 11th day of June, 2018.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

J:\DATA\Orders\civil cov\2017\17-198 def substn & mtwithdraw.docx