UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON

| | | |
|---|---|---|
| MANUEL LOPEZ, | ) | Civil Action No. 2:17-cv-00198-DLB-CJS |
| | ) | |
| Plaintiff, | ) | Judge David L. Bunning |
| | ) | Magistrate Judge Candace J. Smith |
| v. | ) | |
| | ) | |
| FRONTIER AIRLINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED, by and among the parties hereto, that the following shall govern the production, use, handling, and/or return of documents, depositions, deposition exhibits, and other written, recorded, or graphic material produced during discovery of this case (the "Litigation") by any of the parties to the Litigation or by third parties responding to a document request or deposition subpoena (a "Producing Party"), and shall also govern the use, handling, and/or return of the information contained in such materials.

**DEFINITIONS**

**COUNSEL**: This term shall mean the attorneys of record for the parties to the Litigation. In the event that the attorneys of record are members of a firm, this phrase shall include any and all other lawyers, legal assistants, and staff who are members of, or associated with, the parties' counsel's firm.

**DOCUMENTS**: This term is intended as a collective reference to any and all material or other tangible things containing information produced by a Producing Party, in response to pre-trial discovery requests in the above-captioned matter.

**DISCOVERY**: This term shall include all "documents" or other items produced by a Producing Party, or any of its predecessors, parents or subsidiaries in the above-captioned matter in response to requests for production of documents and tangible things, deposition notices and subpoenas, interrogatories, and requests for admissions.

## TERMS AND CONDITIONS

1.  Defendant is producing discovery in this action that contains trade secret or other confidential, proprietary and commercial information of a non-public nature, and may designate such discovery as **CONFIDENTIAL**. By designating a document as confidential, the Producing Party is certifying that the document contains some trade secret or other confidential, proprietary matter that has not been previously advertently released to the public.

2.  Documents to be designated confidential will be so designated by stamping each page "**CONFIDENTIAL.**" The physical labeling of any document shall not be done in any manner that obstructs the reading of the document or impairs the reading of the document when duplicated by a conventional duplicating process.

3.  If any of the parties to the Litigation objects to the designation of a document as **CONFIDENTIAL** ("Objecting Party"), the parties shall meet and confer on the basis of the claim of confidentiality. In the event the Objecting Party still objects to a **CONFIDENTIAL** label on a document(s), the Producing Party will apply to the Court for relief, asserting that the documents so designated justify the imposition of restrictions concerning their use. The burden shall be on the Producing Party to demonstrate the need for protection. The application for relief shall delineate each document which the Objecting Party contends should not be treated as **CONFIDENTIAL**, and the Producing Party will delineate the specific reasons it should be so treated. The Objecting Party shall then submit to the Court and all parties a response that delineates the specific reasons explaining why each document it contends should not be treated as confidential. Until this Court enters an Order changing the designation, the information shall be treated as **CONFIDENTIAL** under the terms of this Order. In any event, the Producing Party shall allow the parties ample opportunity to explore the basis for the claim of confidentiality.

4.  No discovery designated as **CONFIDENTIAL** shall be used or communicated by any persons receiving it for any purpose whatsoever other than the preparation of this case for trial or alternate dispute resolution.

5.      Any discovery designated as **CONFIDENTIAL** furnished by any party to the parties to this Litigation shall not be given, shown, made available or otherwise communicated in any way by the parties, the parties' counsel or parties' paralegal staff to anyone other than (i) outside experts and consultants or translators who shall be bound by this Order not to communicate further such discovery, (ii) the Court, if required in any further proceeding herein, except as permitted by stipulation of the parties or any further order of the Court, or (iii) to any witness during the course of a deposition.

6.      No party shall disclose documents or other material designed **CONFIDENTIAL** to any experts not assisting in this litigation.  Disclosure shall be made to such experts only as is reasonably necessary for the prosecution or defense of this lawsuit and only after the person to whom disclosure is made has been advised of this Order and has agreed to be bound by it. Such expert or experts shall review this Confidentiality Order and execute a Written Assurance attached hereto as Exhibit A prior to reviewing documents designated as **CONFIDENTIAL**.  The parties reserve the right to maintain the anonymity of any non-testifying consulting experts until the close of this litigation.  At the close of this litigation, the parties shall provide to all other parties, a list of all third parties, along with their executed Written Assurances, to whom any confidential documents were disclosed.

7.      In the event that counsel for any party determines to file with the Court any material marked **CONFIDENTIAL**, information derived therefrom, or any papers containing or disclosing such material or information, such documents shall be filed in an envelope on which a statement substantially in the following form shall be endorsed:

CONFIDENTIAL

This envelope contains documents that are subject to a Stipulation and Protective Order governing use of confidential discovery material.

8.      After termination of this case, the provisions of this Order shall continue to be binding.  This Court retains and shall have jurisdiction over the parties, their attorneys and all recipients of discovery designated **CONFIDENTIAL** for the enforcement of the provisions of this Order following termination of this case, and/or to terminate all or some of the provisions of this

agreement on application by any party.

9.     Within sixty (60) days after the conclusion of the above-captioned lawsuit, any material designated as **CONFIDENTIAL** and all copies shall be returned to counsel for the Producing Party.

10.    This Order shall not preclude parties from exercising any rights or raising any objections otherwise available to them under the rules of discovery and evidence.

11.    No provision of this Order is intended to limit the right of any party, counsel for any party, or any recipient of discovery from seeking to modify the terms of this Order at any time in the future or from seeking relief of the restrictions imposed by this Order concerning discovery designated as **CONFIDENTIAL**.

12.    This Order shall be binding upon the parties to this action, the attorneys for each party and upon any recipient of discovery designated as **CONFIDENTIAL** and upon any successor, executor, personal representative, administrator, heir, legal representative, assignee, subsidiaries, division, employee, agent, independent contractor, or other person or legal entity over which any party or attorney or recipient of documents covered by this Order may have control.

*/s/Mark G. Arnzen signed per auth. 6/21/18*
Attorneys for Plaintiff
Mark G. Arnzen
Frank K. Tremper
600 Greenup Street
Covington, KY 41011
859-431-6100

 */s/ Kerry A. Mahedy*
Attorneys for Defendant Frontier Airlines, Inc.
Douglas W. Rennie
Kerry A. Mahedy
Montgomery, Rennie & Jonson, LPA
36 East Seventh Street, Suite 2100
Cincinnati, OH 45202
513-241-4722

**IT IS SO ORDERED** this 5th day of July, 2018, with the exception of Paragraph 7.  Confidential materials may be electronically filed under seal, in conformity with the Federal and Local Rules.



Signed By:
Candace J. Smith
United States Magistrate Judge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT COVINGTON**

| | | |
|---|---|---|
| MANUEL LOPEZ, | ) | Civil Action No. 2:17-cv-00198-DLB-CJS |
| | ) | |
| Plaintiff, | ) | Judge David L. Bunning |
| | ) | Magistrate Judge Candace J. Smith |
| v. | ) | |
| | ) | |
| FRONTIER AIRLINES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**WRITTEN ASSURANCE**

_____, being first duly sworn, states that he or she resides at _____, county of _____, state of _____; that he or she has read and fully understands the attached Protective Order entered by the Court in the above-captioned action; that he or she is fully familiar and agrees to comply with and be bound by the provisions of the Order and submits to the jurisdiction of this Court for any proceedings with respect to the order; that he or she will not discuss with or divulge to persons, other than those specifically authorized by the Order, and will not copy or use, except solely for purposes of this action and for no other purposes, any information obtained pursuant to the order, except as expressly permitted by the Court.  Within fifteen (15) days after receiving notice of an entry of an order, judgment, decree, or agreement finally disposing of the Litigation, all persons having received Confidential Material shall certify to the producing parties that they have either:  (i) returned all such Confidential Material, all copies thereof, and all information derived therefrom to counsel for the party that produced it, or (ii) destroyed all such Confidential Material, all copies thereof, and any information derived therefrom.  All material returned to the parties or their counsel by the Court shall be disposed of in accordance with this paragraph.

Signed: _____   Dated: _____, 201\_\_\_\_

Subscribed and sworn to before me this _____day of _____, 201\_\_\_\_.

_____

Notary Public, State of _____